UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK FLETCHER, | No. 2:14-cv-0567 DAD P |
| Plaintiff, | |
| v. | ORDER |
| GARY SWARTHOUT et al., | |
| Defendants. | |

   Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

   Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

1   The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff has identified as defendants Warden Swarthout and eleven correctional officers at California State Prison, Solano.  Therein plaintiff alleges that the defendants escorted him from the visiting room to the prison's primary clinic and ultimately to administrative segregation for Contraband Surveillance Watch ("CSW") because they suspected him of smuggling contraband into the prison.  Plaintiff alleges that he spent four days on CSW, and due to security measures, excessive clothing, and restraints, he felt claustrophobic.  According to plaintiff, none of defendants' searches or plaintiff's time on CSW produced any contraband results, but defendants still charged him with "Conspiracy to Distribute a Controlled Substance."  At plaintiff's subsequent prison disciplinary hearing, the defendants found plaintiff

1  guilty of the charge and assessed him 180 days forfeiture of credits.  Plaintiff claims that
2  contraband watch constituted cruel and unusual punishment, that defendants violated his
3  procedural due process rights in connection with his rules violation and disciplinary hearing, and
4  that defendants violated his First Amendment rights by cancelling his staff complaint against
5  prison officials.  In terms of relief in this civil rights action, plaintiff requests damages.  (Compl.
6  at 4-20.)

## DISCUSSION

8      The allegations of plaintiff's complaint are so vague and conclusory that the court is
9  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
10  complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
11  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
12  the defendants and must allege facts that support the elements of the claim plainly and succinctly.
13  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
14  with at least some degree of particularity overt acts which defendants engaged in that support his
15  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
16  8(a)(2), the complaint must be dismissed.  However, the court will grant plaintiff leave to file an
17  amended complaint.
18      If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how
19  the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or
20  statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff must
21  allege in specific terms how each named defendant was involved in the deprivation of plaintiff's
22  rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
23  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.
24  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
25  743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights
26  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
27      Plaintiff's complaint suffers from a number of deficiencies.  First, insofar as plaintiff
28  claims that defendants violated his procedural due process rights in connection with his rules

violation and disciplinary hearing, he fails to state a cognizable claim for relief because he has lost good-time credits in connection with that conviction. It is well established that "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original). See also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (dismissing a § 1983 action for declaratory relief and monetary damages because a successful challenge to procedures used in disciplinary hearing would necessarily imply the invalidity of the punishment imposed); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (finding a § 1983 action for damages that was based on "actions whose unlawfulness would render a conviction or sentence invalid" when the conviction or sentence has not yet been reversed, expunged, or otherwise invalidated to be barred). In any amended complaint plaintiff elects to file, he should not include any claims challenging his rules violation and disciplinary conviction because they are "Heck-barred."

Second, to the extent that plaintiff wishes to raise a claim against defendant Swarthout or any of the other named defendants for the way they have (or have not) processed his inmate appeals or staff complaints, he fails to state a cognizable claim for relief. Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Even if the defendants delayed, denied, or erroneously screened out plaintiff's grievances, they have not deprived him of a federal constitutional right. This is because it is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). See also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his

1  inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v.
2  Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009)
3  (plaintiff's allegations that prison officials screened out his inmate appeals without any basis
4  failed to indicate a deprivation of federal rights); Williams v. Cate, No. F-09-0468 OWW YNP
5  PC, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest
6  in the vindication of his administrative claims."). In any amended complaint plaintiff elects to
7  file, he should not include any claims concerning defendants' purported failure to process or
8  respond to his inmate appeals and staff complaints.

9        Third, the court observes that plaintiff has named a number of supervisory officials as the
10 defendants in this action. However, plaintiff has not adequately alleged what specific acts each of
11 these defendants engaged in to violate his constitutional rights. As noted above, supervisory
12 personnel are generally not liable under § 1983 for the actions of their employees under a theory
13 of respondeat superior. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisory
14 defendant may be held liable under § 1983 only "'if there exists either (1) his or her personal
15 involvement in the constitutional deprivation, or (2) a sufficient causal connection between the
16 supervisor's wrongful conduct and the constitutional violation.'") (quoting Hansen v. Black, 885
17 F.2d 642, 646 (9th Cir. 1989)). In any amended complaint plaintiff elects to file, he will need to
18 allege facts clarifying the causal link between any supervisory defendant and plaintiff's claimed
19 constitutional violation.

20       Finally, after reviewing the complaint in this action, it appears that the only viable claim
21 plaintiff may have is one that concerns his conditions of confinement while on contraband watch.
22 See, e.g., Hignite v. Felker, No. CIV S 07-0732 GEB DAD P, 2008 WL 2782854 at *6 (E.D. Cal.
23 July 14, 2008) ("[t]he more basic the need, the shorter the time it can be withheld. Substantial
24 deprivations of . . . sanitation for four days, for example, are sufficiently serious to satisfy the
25 objective component of an Eighth Amendment claim.") (quoting Lira v. Cal. Dep't of
26 /////
27 /////
28 /////

1 Corrections, No. C 07-1447 SI (pr), 2007 WL 2221019 at *3 (N.D. Cal. July 31, 2007)).[1]  But see

2 Chappell v. Mandeville, 706 F.3d 1052, 1059 (9th Cir. 2013) (holding that correctional officers

3 involved in a California inmate's week-long placement on CSW in 2002, which involved double

4 clothing, waist chains, no mattress, constant lighting and closely monitored bodily functions,

5 were entitled to qualified immunity because "at a minimum, the law was not clearly established

6 [in 2002] that the contraband watch was unconstitutional[.]")  Here, plaintiff's minimal

7 allegations in his original complaint, however, do not state a cognizable claim rising to the level

8 of an Eighth Amendment violation.

9 Plaintiff is advised the "unnecessary and wanton infliction of pain" constitutes cruel and

10 unusual punishment prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S.

11 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429

12 U.S. 97, 105-06 (1976).  However, neither accident nor negligence constitutes cruel and unusual

13 punishment, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith,

14 that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley,

15 475 U.S. at 319.

16 If plaintiff elects to proceed with this action by filing an amended complaint, he will need

17 to allege facts explaining how the CSW conditions in his case violated Eighth Amendment

18 standards.  In this regard, plaintiff must allege facts showing that objectively he suffered a

19 sufficiently serious deprivation and that subjectively each defendant had a culpable state of mind

20 in allowing or causing the plaintiff's deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99

21 (1991).  Only those deprivations denying "the minimal civilized measure of life's necessities" are

22 sufficiently grave to form the basis of an Eighth Amendment violation."  Rhodes v. Chapman,

23 452 U.S. 337, 347 (1981).

24 Plaintiff is informed that the court cannot refer to a prior pleading in order to make

25 plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

---

[1] The plaintiff in Lira alleged that he sat in an unsanitary CSW cell for three days.  Lira, 2007 WL 2221019 at *1.  The district court denied a motion to dismiss the plaintiff's Eighth Amendment claim "for putting and keeping [plaintiff] in the filthy contraband cell for three days based on the known false evidence[.]"  Id. at *3.

complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in dismissal of this action without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated:  September 10, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
flet0567.14a

8