UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK FLETCHER,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY SWARTHOUT, et al.,<br><br>    Defendants. | No. 2:14-cv-0567 DB P<br><br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. This action proceeds on plaintiff's second amended complaint. (ECF No. 9.) Remaining defendants Durfey, Freeland, and Stauss move to dismiss for failure to state a claim and on qualified immunity grounds. (ECF No. 18.) Plaintiff opposes the motion. (ECF No. 21.) Defendants filed a reply in support of their motion. (ECF No. 22.)

For the reasons outlined below, the court grants the motion and dismisses the complaint without prejudice.

I.   Procedural Background

Plaintiff filed this action on February 27, 2014. (ECF No. 1.) Then-Magistrate Judge Dale A. Drozd initially dismissed the complaint without prejudice at the screening stage. (ECF No. 5.) Judge Drozd's order advised plaintiff that an amended complaint would need to allege facts explaining how the contraband surveillance watch (CSW) conditions in his case violated

1

Eighth Amendment standards. (Id.) Plaintiff filed a first amended complaint (ECF No. 8) and then a second amended complaint (ECF No. 9) with leave of the court.

The court ruled that plaintiff's second amended complaint only stated a cognizable claim for relief under the Eighth Amendment against defendants Durfey, Freeland, and Stauss in connection with plaintiff's placement and retention on CSW. (ECF No. 12.) Plaintiff's Fourteenth Amendment due process claims against all defendants were deemed not cognizable, as well as plaintiff's Eighth Amendment claims against all other defendants. (Id.) Thereafter, defendants Durfey, Freeland, and Stauss waived service of the second amended complaint (ECF No. 17) and filed a motion to dismiss (ECF No. 18). That motion is now ripe for adjudication.

II.     Factual Background[1]

Plaintiff brought this section 1983 action claiming an Eighth Amendment violation in connection with his placement on CSW because of suspicion that he conspired to smuggle marijuana into a correctional facility. On July 1, 2012, plaintiff was escorted from the visitors' room at CSP-Solano concerning suspicion that his visitor was smuggling drugs into the prison. (ECF No. 9 at 4.) Plaintiff was then searched and his clothing was taped closed around his arms, waist, and ankles. Plaintiff informed the officer searching him that he would like to "submit to an x-ray and/or be allowed to expel his bowels to prove that he was not concealing contraband[.]" (Id.) The officer declined the offer. (Id.) No contraband was found on plaintiff's person at this time or at any other time in the relevant period. (Id.)

However, according to the prison report of the incident (attached to plaintiff's complaint), plaintiff was scheduled to have a visit with civilian P. McCurdy. (Id. at 23.) McCurdy checked-in and left her purse at sign-in, and proceeded to her visit with plaintiff. (Id.) Non-defendant officers at the visiting center smelled an odor emanating from McCurdy's purse, which they suspected to be marijuana. (Id.) Non-defendant officers collected McCurdy's purse, terminated her currently-occurring visit with plaintiff, and detained her for investigation. (Id. at p. 24.)

---

[1] The "facts" are those alleged in the second amended complaint (ECF No. 9). The court accepts them as true for purposes of evaluating defendants' dismissal motion. Thus, the undersigned does not believe it is necessary to include the term "alleged" with each fact, as the context is clear -- the facts are merely allegations.

1   During the investigation, McCurdy admitted that she was ordered to deliver the six electrical-
2   taped bindles of marijuana to plaintiff.  (Id.)  The bindles retrieved from McCurdy's purse tested
3   positive for marijuana.  (Id.)  The investigation also uncovered that McCurdy had twenty-five
4   dollars stashed in her bra during her visit with plaintiff.  (Id.)

5   Plaintiff was suspected of "Conspiracy to Distribute a Controlled Substance" and placed
6   on CSW by defendant Durfey.  (Id. at 39.)   Plaintiff contends defendant Stauss wrongfully made
7   the decision to detain him in CSW.  (Id. at 5.)

8   Freeland escorted plaintiff to the Administrative Segregation Housing Unit, where he
9   instructed plaintiff to submit to a strip search.  (Id. at 7.)  Freeland conducted a strip search of
10  plaintiff, as well as a search of his clothing.  (Id.)  Freeland ordered plaintiff to dress himself in
11  the previously-searched clothing, which consisted of socks, two pairs of boxer shorts, a tee shirt,
12  and three pairs of coveralls.  (Id.)  The openings and ties of plaintiff's clothing were each secured
13  with tape.  (Id. at 7-8.)  Also, Freeland placed wool gloves on plaintiff's hands, and then covered
14  the gloves with hand isolation devices, which resembled "golf club covers."  (Id. at 8.)  Freeland
15  then attached waist chain and leg restraints, which interlocked with the hand isolation devices, to
16  secure plaintiff's hands and arms to his sides.  (Id. at 8, 55.)

17  When plaintiff requested to move his bowels, the clothing was removed, and his right
18  hand was uncuffed so that he could wipe himself.  (Id. at 8, 60.)  During this process, a bedpan is
19  brought into the cell with a plastic bag affixed to the bottom for the purpose of catching the feces
20  to be searched for contraband.  (Id. at 8, 44, 60.)  Staff members monitored plaintiff while he
21  defecated.  (Id.)  While defecating, Plaintiff remained in leg restraints and waist chains with his
22  left hand cuffed.  (Id. at 8, 45-46.)  The restricted movement during defecation caused some
23  excrement to remain on plaintiff's body.  (Id. at 9.)  Despite his requests to shower after each
24  bowel movement, plaintiff was not permitted to shower until his time on CSW was complete.  (Id.
25  at 9, 49.)  To complete CSW, the inmate must provide three contraband-free bowel movements.
26  (Id. at 48.)

27  Plaintiff was also not permitted to change his boxers while on CSW.  (Id. at 9.)  For three
28  days, until he provided those three samples, plaintiff was forced to remain in unsanitary clothing

3

1  with sweat and excrement on his body and clothing.  (Id. at 9.)  During this time, plaintiff was
2  under constant surveillance with 24-hour lighting.  (Id. at 9, 44.)  On July 4, 2012, plaintiff
3  completed his time on CSW.  (Id. at 10.)  No contraband was found as a result of the CSW and
4  plaintiff claims to suffer recurring physical and mental pain due to his time on CSW.  (Id. at 9.)

III.   Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court must accept as true the allegations of the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts that may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and similar papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).

IV.   Legal Analysis

As stated above, plaintiff's only remaining claims after screening are for Eighth Amendment violations purportedly committed by defendants Durfey, Freeland, and Stauss in connection with plaintiff's time on CSW.  Defendants move for dismissal on two grounds.  First, they assert that plaintiff does not sufficiently allege that these defendants were actually present for the daily administration of CSW.  Second, defendants assert that they are protected by qualified immunity.  The court will address the qualified immunity argument first.

A.   Qualified Immunity

Defendants claim that they are entitled to qualified immunity with respect to plaintiff's Eighth Amendment claims based upon his alleged unconstitutional conditions on CSW.  They

4

argue that even if plaintiff establishes he suffered a deprivation of his constitutional rights while he was on CSW, those rights were not clearly established law at the time of the alleged violations.

Governmental officials performing discretionary functions generally are shielded from liability in their individual capacities if the challenged conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.[2] Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In determining whether a governmental officer is entitled to qualified immunity, a court considers two questions. One asks whether the facts alleged, viewed in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). A negative answer ends the analysis, with qualified immunity protecting the defendant from liability. Id.

If a constitutional violation occurred, a court also asks "whether the right was clearly established." Id. "If the law did not put the [defendant] on notice that [his] conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Id. at 202. The inquiry into whether a right was clearly established "must be taken in light of the specific context of the case, not as a broad general proposition." Id. at 201. "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). A district court may decide the order of addressing the two prongs of its qualified immunity analysis in accordance with fairness and efficiency and in light of the circumstances of a particular case. See Pearson v. Callahan, 555 U.S. 223, 236 (2009).

In Chappell v. Mandeville, 706 F.3d 1052 (9th Cir. 2013), the Ninth Circuit held that correctional officers involved in a California inmate's week-long placement on CSW in 2002 were entitled to qualified immunity. Many of the procedures employed in that case were the same as what this plaintiff allegedly experienced: double clothing, waist chains, constant lighting, and closely monitored bodily functions. The Ninth Circuit in Chappell did not directly answer

---

[2] Qualified immunity is not available to defendants sued in their official capacities. Hallstrom v. City of Garden City, 991 F.2d 1473, 1482 (9th Cir. 1993).

the question of whether those conditions violated the Eighth Amendment, however, because "at a minimum, the law was not clearly established [in 2002] that the contraband watch was unconstitutional[.]" Id. at 1059.  The Ninth Circuit concluded that the traditional second prong of qualified immunity -- that a reasonable official in that position in 2002 would not have been on "fair notice" that the CSW conditions alleged were unconstitutional -- protected the defendants from liability in that case.  Id. at 1059.

Plaintiff was assigned to CSW on July 1, 2012.  At that time, and still today, the per se constitutionality of CSW as it is practiced in California state prisons remains unsettled.[3]  However, the ambiguous constitutional status of California's CSW policy does not necessarily mean that the defendants here are entitled to qualified immunity no matter what plaintiff alleges about his experience on CSW.  Then-Magistrate Judge Drozd addressed the qualified immunity question in two very similar CSW cases: Romo, 2014 WL 4276071,[4] and Hignite v. Felker, No. CIV S 07–0732 GEB DAD P, 2008 WL 2782854 (E.D. Cal. July 14, 2008).  Judge Drozd stated in relevant part:

> [p]laintiff is not [only] alleging that the . . . contraband surveillance watch policy is unconstitutional.  He alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated *by the particular watch conditions he was subjected to under the circumstances of his case*.  He alleges that after an unclothed body search and the use of a hand held metal detector failed to detect contraband on his person, there was not reasonable cause to subject him to the contraband watch.  Moreover, he alleges that he was denied access to alternate means (x-ray or use of a laxative) of establishing that he was not hiding contraband on his person.  Finally he alleges that he was subjected to inhumane conditions while on contraband watch, far in excess of those authorized by the written . . . contraband surveillance watch policy.

---

[3] This court has not discovered any CSW cases that would have provided further clarity to a reasonable officer in 2012 -- the time plaintiff was placed in CSW.  See Romo v. Cate, No. 2:11–cv–2898 DAD P, 2014 WL 4276071, *7 (E.D. Cal. Aug. 29, 2014) (noting that per se constitutionality of CSW in California state prisons was unsettled as of November of 2009); Diaz v. Cate, No. C 11–3459 CRB (PR), 2013 WL 4479262, *5 (N.D. Cal. Aug. 20, 2013) (noting that per se constitutionality of CSW in California state prisons was unsettled as of 2010).

[4] The Findings and Recommendations of Judge Drozd was amended (Romo v. Cate, No. 2:11–cv–2898 GEB DAD P, 2014 WL 4656203 (E.D. Cal. Sept. 16, 2014)) concerning other issues and eventually adopted (Romo v. Cate, No. 2:11–cv–2898 GEB DAD P, 2014 WL 4929461 (E.D. Cal. Sept. 30, 2014)) by the district court.

1  Romo, 2014 WL 4276071 at *7 (quoting Hignite, 2008 WL 2782854, at *8) (emphasis in
2  original).

3        Like the plaintiffs in Romo and Hignite, plaintiff here alleges that he was kept in
4  unconstitutionally unsanitary conditions.  Specifically, plaintiff alleges that, even after he offered
5  a less-intrusive, alternative means of establishing that he had no contraband, he was forced to
6  spend four days in shackles with parts of his body smeared in feces and no access to a shower.  In
7  both Romo and Hignite, the court found very similar CSW scenarios alleged in the complaints to
8  be viable under Rule 12(b)(6) because of the standard that "'[t]he more basic the need, the shorter
9  the time it can be withheld.  Substantial deprivations of . . . sanitation for four days, for example,
10 are sufficiently serious to satisfy the objective component of an Eighth Amendment claim.'" Id.
11 (quoting Lira v. Cal. Dep't of Corrections, No. C 07–1447 SI (pr), 2007 WL 2221019, *3 (N.D.
12 Cal. July 31, 2007)).  In Hignite, the court concluded that the plaintiff's deprivation of basic
13 sanitary conditions for three and a half days would be unconstitutional.  2008 WL 2782854, at *6;
14 see also Lira, 2007 WL 2221019.[5]  The plaintiff in Romo was allegedly deprived of sanitary
15 conditions for eight days, which the court found sufficient to establish a claim for an Eighth
16 Amendment violation.

17       Viewing the allegations in the complaint in the light most favorable to plaintiff, the court
18 finds that plaintiff's complaint describes only one component of the two necessary to establish an
19 Eight Amendment violation.  "[A] prison official violates the Eighth Amendment only when two
20 requirements are met. . . . [T]he deprivation alleged must be, objectively, sufficiently serious, . . .
21 [and] a prison official must have a sufficiently culpable state of mind. . . .  In prison-conditions
22 cases that state of mind is one of deliberate indifference to inmate health or safety."  Farmer, 511
23 U.S. at 834 (internal quotations omitted).  Plaintiff alleges that he was placed in excessively
24 unsanitary conditions for nearly four days.  These allegations concerning the conditions of his
25 ////

---

[5] The plaintiff in Lira alleged that he sat in an unsanitary CSW cell for three days.  Lira, 2007 WL 2221019, at * 1.  The district court denied a motion to dismiss the plaintiff's Eighth Amendment claim "for putting and keeping [plaintiff] in the filthy contraband cell for three days based on the known false evidence[.]"  Id. at * 3.

CSW experiences, if proved, would support the "objectively, sufficiently serious" component under the Eight Amendment.

However, plaintiff's allegations do not support the subjective component of an Eighth Amendment violation concerning these particular defendants. In addressing the subjective component, the Romo court found that the "allegations are such that any officer who observed plaintiff during his stay on CSW must have known at some point that conditions were unsanitary. Such an inference is enough to survive a motion to dismiss brought under Rule 12(b)(6)." 2014 WL 4276071. Here, plaintiff does not allege that any of the defendants were actually present for any of his time on CSW. Specifically, plaintiff alleges that defendant Durfey made the decision to place him on CSW (and denied plaintiff's requests to speak to an administrative officer as well as to submit to less intrusive means of contraband detection) (ECF No. 9 at 6), that defendant Stauss also played a role in placing him on CSW (id. at 5), and that defendant Freeland escorted him to CSW and initially shackled and taped plaintiff's clothing (id. at 6-8).

As described above, California's CSW procedures are not unconstitutional per se, see Chappell, 706 F.3d 1052, so just putting plaintiff on CSW (whether it be making the decision or physically escorting plaintiff to the CSW unit) does not establish a plausible claim for a constitutional violation. The essence of plaintiff's allegations is that he was mistreated for the duration of his CSW experience. However, none of the presently-named plaintiffs (Durfey, Freeland, and Stauss) are accused of being present for any portion of the alleged constitutional violations. Without allegations that these defendants were present, partook in, or at least observed plaintiff during his stay in CSW, plaintiff cannot establish the subjective portion of an Eighth Amendment violation.

Accordingly, defendants are entitled to qualified immunity because the second amended complaint does not establish an Eighth Amendment violation against these defendants. As explained below, plaintiff may address this deficiency (if possible) in an amended complaint.

////

////

////

B.     Failure to State a Claim[6]

For the same reason that defendants are entitled to qualified immunity, this matter should also be dismissed on the merits of plaintiff's complaint. Specifically, because plaintiff's complaint concerns allegations of unconstitutional conditions of confinement on CSW, defendants who only set in motion the events that led to plaintiff being placed on CSW (but who did not actually participate or observe plaintiff's CSW treatment) cannot be found liable.

"[A] prison official violates the Eighth Amendment only when two requirements are met. . . . [T]he deprivation alleged must be, objectively, sufficiently serious, . . . [and] a prison official must have a sufficiently culpable state of mind. . . . In prison-conditions cases that state of mind is one of deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 834 (internal quotations omitted). Even if the conditions imposed on plaintiff met the objective requirement of an Eighth Amendment claim (as the court determined that they did in the qualified immunity analysis above), plaintiff failed to allege that "each defendant had a culpable state of mind in allowing or causing the deprivations to occur." Id.

As pled, defendants were not participants in the day-to-day direction of CSW. Because it is the day-to-day deprivations that established plaintiff's Eighth Amendment claim objectively, we must also look to the day-to-day administration of his confinement to establish a culpable mindset.[7] Plaintiff failed to plead a connection between defendants and plaintiff's unsanitary confinement in CSW. Plaintiff does not allege that defendants personally contributed to the unsanitary conditions of his CSW or that they monitored plaintiff while on his watch. Title 42 U.S.C. § 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability

---

[6] If the district court rejects the undersigned's recommendations concerning qualified immunity, then it will be necessary to address defendants' merits-based argument for dismissal.

[7] To reiterate the point from above, sending a prisoner to CSW, in and of itself, does not establish an Eighth Amendment violation. See Chappell, 706 F.3d 1052. The general policies of CSW in California have not been found to be per se unconstitutional. Rather, it is the particular watch conditions that establish constitutional violations.

to attach where . . . causation [is] absent.")  The allegations in the second amended complaint do not demonstrate a link or actual connection between the actions or inactions of defendants and the alleged constitutional deprivation alleged by plaintiff.  See Johnson v. Sisto, No. 2:08–cv–1609 KJM KJN P, 2011 WL 1792273, *5-6 (E.D. Cal. May 9, 2011) (Case against defendant dismissed where plaintiff did not allege that the particular defendant was involved in creating the specific CSW conditions that were the basis of the claim); Williams v. Small, No. 09–CV–1957–MMA(RBB), 2010 WL 4537883 (S.D. Cal. Nov. 3, 2010) (Case dismissed against two defendants who plaintiff did not allege personally participated in the constitutional deprivation or knew of the violations and failed to act).

Accordingly, defendants' motion to dismiss should also be granted on its merits and plaintiff's case should be dismissed *without prejudice*.

V.     Leave to File a Third Amended Complaint

This court will grant plaintiff leave to file a third amended complaint within twenty-one days of this order to cure the deficiencies in his present complaint identified above.  Should plaintiff choose to do so, he is advised that the allegations of that amended complaint must clearly identify how each defendant's alleged misconduct resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In any amended complaint he may elect to file plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 369; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.  As outlined above, if defendants Durfey, Freeland, and Stauss did not participate in the day-to-day operation of plaintiff's stay on CSW, a complaint cannot be sustained against them.

In addition, plaintiff is informed that the court cannot refer to his previously-filed complaint in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because,

as a general rule, an amended complaint supersedes the original complaint. See Lacey v. Maricopa County Atty's Off., 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses not to file an amended complaint, the court will recommend that this case be dismissed *with prejudice*.

VI. Conclusion

IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss is granted;
2. Plaintiff's second amended complaint is dismissed *without prejudice*; and
3. Plaintiff is granted leave to file a third amended complaint to address the deficiencies in the second amended complaint (*if possible*) within twenty-one days of this order.

Dated:  October 20, 2016

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:10
DLB1 / Prisoner - Civil Rights / flet0567.mtd